IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FCB BANKS, | ) |
| | ) |
|     Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | ) Case No. 24-cv-75-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
|     Defendant/Counterclaimant/ | ) |
|     Crossclaim Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHNNY L. KNAPP, II, | ) |
| | ) |
|     Defendant/Crossclaim Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff FCB Banks' Motion for Default Judgment (Doc. 60). For the following reasons, the Motion is **GRANTED**.

### Background

On June 28, 2023, the United States of America, acting through the Internal Revenue Service, issued a tax refund of $61,471.37 to account number XXXXXX4901 (the "Account") at FCB Banks ("FCB") (Doc. 1). Upon information and belief, the Account holder, Johnny L. Knapp, II, was not entitled to this refund. On June 29, 2023, FCB closed the Account and retained the remaining balance of $26,488.35. Subsequently, FCB initiated an interpleader action in Madison County Circuit Court against the United States and Knapp, claiming "it is ready, willing, and able to pay the amounts identified above to the person or persons entitled to receive them with safety

and without threat of legal action against it for so doing." (Doc. 1). The United States removed the action to this Court (Doc. 1-2).

The United States filed an Answer and a Counterclaim against FCB and Knapp on March 5, 2024. (Doc. 14). Between March 14, 2024 and May 6, 2024, the United States attempted to serve Knapp at ten different addresses, but to no avail (Doc. 23, p. 3). Following a court hearing on July 11, 2024, the Court granted the United States an additional 90 days to serve Knapp (Doc. 32). The United States subsequently amended its counterclaim against Knapp to a crossclaim (Doc. 36).

The Court issued a new summons to Knapp on July 30, 2024 (Docs. 39, 40). On August 3, 2024, the United States served Knapp pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) at Knapp's residence (Doc. 42). The Clerk entered default against Knapp on the United States counterclaim on September 3, 2024 (Doc. 47) and on FCB's complaint on February 2, 2025 (Doc. 59).

This Court granted the United States' motion for default against Knapp on January 23, 2025, finding that the United States was entitled to recover the erroneously deposited tax refund (Doc. 54). The United States and FCB filed a stipulation of dismissal of the United States' counterclaim against FCB (Doc. 53).

## Discussion

Under Federal Rules of Civil Procedure 55, the court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. Fed. R. Civ. P. 55(a). "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint as long as plaintiff's allegations are well-plead." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323

(7th Cir. 1983). However, complaint allegations regarding damages are not deemed true on default. *In re Catt,* 368 F.3d at 793 (citations omitted); *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* The determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.,* 722 F.2d at 1323 (citations omitted).

Here, FCB Banks allegations are well-pleaded. Given that Knapp was properly served and failed to defend the action, default judgment against Knapp is appropriate. The Court finds that Knapp is not entitled to any share of the interpleader funds. The Court further finds that the United States of America is entitled to the interpleader funds in the amount of $26,488.35.

## Conclusion

FCB Banks' Motion for Default Judgment (Doc. 60) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** July 29, 2025

**STACI M. YANDLE**
**United States District Judge**